UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SUSAN KRAUSE, | Case No. 24-cv-4339 (LMP/ECW) |
| Plaintiff, | |
| v. | ORDER ON MOTION |
| | TO CONTINUE SEALING |
| INTEGRA LIFESCIENCES CORPORATION, | THE COMPLAINT |
| Defendant. | |

---

Jonathan D. Miller, Debra L. Weiss, and Anthony W. Joyce, **Meagher & Geer, P.L.L.P., Minneapolis, MN**, for Plaintiff.

C.J. Schoenwetter, **Bowman and Brooke LLP, Minneapolis, MN**; John T. McDonald, **Reed Smith LLP, Princeton, NJ**; and Joseph J. Mammone, Jr., **Reed Smith LLP, Dallas, TX**, for Defendant.

Plaintiff Susan Krause filed a lawsuit in Minnesota state court alleging that her former employer, Defendant Integra LifeSciences Corporation ("Integra"), discriminated against her because she engaged in whistleblower activity and because of her sex, retaliated against her because she opposed the alleged discrimination, created a hostile work environment, intentionally inflicted emotional distress, and defamed her.  ECF No. 8 ¶¶ 81–132.  Integra removed the complaint to federal court under seal, *see generally* ECF No. 1, and filed a publicly available but redacted version of the complaint, ECF No. 9.

On September 16, 2025, the Court granted Integra's motion and dismissed Krause's intentional infliction of emotional distress and defamation claims.  *See generally* ECF No. 67.  Subsequently, and pursuant to the Court's order, ECF No. 64, the parties met and

conferred about whether the complaint should remain under seal and what redactions remain necessary, ECF No. 80. Although the parties agree on a few redactions, they disagree about the necessity of most of Integra's desired redactions. *See id.* Integra now moves the Court for an order to continue the sealing of Krause's complaint and to file publicly a redacted version. ECF No. 76. Krause opposes the motion in part and argues that the majority of Integra's redactions are unnecessary. ECF No. 83. For the reasons set for below, the Court will grant the motion in part.

## ANALYSIS[1]

There is a "common-law right of access to judicial records," including civil complaints. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right of access "bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings . . . and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (internal citation omitted) (quoting *Nixon*, 435 U.S. at 598). But the right of access "is not absolute." *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Where the right is implicated, a district court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*,

---

[1] The Court incorporates the factual background from the motion to dismiss order, ECF No. 67 at 2–5, and will include facts in this Order as necessary.

709 F.3d at 1223. To that end, courts in this District consider six factors: (1) the need for public access to the documents; (2) the extent of previous public access to the documents; (3) whether someone has objected to disclosure of the documents, and if so, the identity of that person; (4) the strength of any asserted property or privacy interests; (5) potential prejudice to the party opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *E.g.*, *Nagel v. United Food & Com. Workers Union, Loc. 653*, No. 18-cv-1053 (WMW/ECW), 2021 WL 3036878, at *3 (D. Minn. July 19, 2021); *accord United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980) (articulating this six-factor balancing test).

The party seeking to keep records under seal has the burden to provide "compelling reasons" to overcome the presumption of public access. *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). Accordingly, "the mere fact that information has been designated as confidential by the parties is not alone an adequate basis to justify indefinite sealing." *Kogut ex rel. UnitedHealth Grp. Inc. v. Hemsley*, No. 25-cv-2562 (JMB/DJF), 2025 WL 2976534, at *1 (D. Minn. Oct. 21, 2025). Put another way, it is Integra's burden to justify its decision to file the complaint under seal in the first place. *IDT Corp.*, 709 F.3d at 1223 (explaining that "the question is whether there [a]re sufficient grounds to override the common-law right of access"); *Flynt*, 885 F.3d at 511 (noting that the "presumption of public access to judicial records *may be overcome* if the party seeking to keep the records under seal provides compelling reasons for doing so" (emphasis added)).

Integra seeks the redaction, or partial redaction, of eleven paragraphs in the complaint (19, 30, 32, 36, 38, 41, 43, 51, 56, 69, and 71) because they purportedly contain

3

attorney-client privileged communications or confidential business information. ECF No. 78 at 14–15. Krause agrees that Integra's redactions to paragraph 69 and portions of its redactions to paragraphs 30 and 41 are necessary because they contain attorney-client communications. *See* ECF No. 82 at 1–2. But Krause argues that the remainder of Integra's redactions are unjustified.

## I.     Attorney-Client Privilege

Integra asserts that its redactions to paragraphs 19, 30, 32, 36, 38, 41, 43, 51, 56, and 69 are justified because they contain protected attorney-client communications. ECF No. 78 at 7–12. It is true that attorney-client privilege can justify the sealing or redaction of judicial records. *See Thomas v. Marshall Pub. Schs.*, No. 21-cv-2581 (PJS/DJF), 2024 WL 4664175, at *2 (D. Minn. Nov. 4, 2024) (finding attorney-client privilege to be a "compelling reason" to keep a document sealed because "the holder of the privilege" had not waived it); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (noting that attorney-client privilege may be a "compelling reason" that "suffices to defeat the presumption of access"). But the privilege only "protects confidential communications between a client and [its] attorney made for the purpose of facilitating the rendering of legal services to the client." *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012). Accordingly, for a communication to be protected it must be (1) between an attorney and client, (2) confidential, and (3) for the purposes of obtaining legal services or advice. *See Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-cv-3183 (ADM/LIB), 2017 WL 9325027, at *4 (D. Minn. May 5, 2017).

This case is more complicated than usual because all the disputed redactions relate to communications between Krause and Integra's Chief Legal Officer ("CLO"), Eric Schwartz.[2] That Schwartz is the CLO, of course, does not mean that everything said to or by Schwartz is privileged. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977) (explaining that the privilege does not apply "simply because it is made by or to a person who happens to be a lawyer"); *Spencer*, 700 F.3d at 320 ("But when an attorney acts in other capacities, such as a conduit for a client's funds, as a scrivener, or as a business advisor, the privilege does not apply."). Instead, the Court must consider Schwartz's dual roles of legal advisor *and* business advisor, as "the privilege will apply only if the communication's primary purpose is to gain or provide legal advice." *Johnson v. Bd. of Pensions of the Evangelical Lutheran Church in Am.*, No. 11-cv-23 (MJD/LIB), 2012 WL 5985600, at *4 (D. Minn. Sept. 5, 2012) (citation omitted); *see also Fair Isaac Corp. v. Experian Info. Sols., Inc.*, No. 06-cv-4112 (ADM/JSM), 2009 WL 10677479, at *18 (D. Minn. Mar. 23, 2009) ("For the attorney-client privilege to apply, the legal advice must predominate over the business advice, and not be merely incidental.").

The Court does not believe any of the requested redactions reflect communications of which the primary purpose was legal advice. First, some do not implicate communications that Krause had with Schwartz at all or that clearly came from Schwartz

---

[2]   Integra asserts that some of the paragraphs also relate to communications Krause had with outside counsel. ECF No. 78 at 7. But Krause agrees that the communications she had with outside counsel should remain redacted. ECF No. 82 at 1–2. The only communications that remain in dispute, then, are those made by or to CLO Schwartz.

(as opposed to Integra's CEO, Jan De Witte), ECF No. 8 ¶¶ 32, 41, and others do not contain communications that can even arguably be construed as "legal advice" but instead constitute work-place interactions between Schwartz and Krause, *id.* ¶¶ 19, 56.

The remainder of the challenged paragraphs do appear, at least on their face, to reflect communications that implicate the blurred line between the dual roles of a CLO. *See id.* ¶¶ 30, 36, 38, 43, 51. Nevertheless, the Court is not convinced that the communications reflect "legal advice" that "predominate[s] over the business advice." *Fair Isaac Corp.*, 2009 WL 10677479, at *18. For starters, Integra provides no individualized argument as to *any* of the paragraphs it wants redacted, instead relying largely on corporate jargon and its own conclusions. *See e.g.* ECF No. 78 at 7 ("The allegations . . . divulge conversations . . . regarding legal matters that Integra was addressing."); *id.* at 10–11 ("[Krause] was an active participant in high-level discussions at both the executive and Board levels involving non-public information pertaining to legal strategy related to a range of critical issues facing the Company, including its ongoing dealings and interactions with regulatory agencies."). But Integra "cannot rest on conclusory arguments . . . in support of their invocation of the attorney-client privilege, but instead must rely on competent evidence, such as [an] explanatory affidavit from counsel setting forth facts under oath establishing the privileged nature of a communication." *Fair Isaac Corp.*, 2009 WL 10677479, at *18; *see Fed. Trade Comm'n v. Match Grp., Inc.*, No. 1:22-mc-54 (RJL/GMH), 2024 WL 1509180, at *25 (D.D.C. Mar. 12, 2024) (citation omitted) ("[W]here there is a challenge to a claim of attorney-client privilege over communications involving in-house counsel, the litigant claiming the privilege must still

establish to the court's satisfaction that . . . the legal advice, if any, is not merely incidental to business advice." (cleaned up)).

The Court understands that these communications may implicate regulatory issues that Integra was facing.  But that fact alone is insufficient to invoke attorney-client privilege, as not every communication about a regulatory or disclosure matter constitutes legal advice.  If that were the case, then a corporation would have "a blank check to keep hidden any document through consultation with counsel." *Roth v. Aon Corp.*, 254 F.R.D. 538, 540 (N.D. Ill. 2009).  Instead, the communication must still constitute some form of legal opinion. *Solis v. Milk Specialties Co.*, 854 F. Supp. 2d 629, 635 (E.D. Wis. 2012) (holding that where "opinions and plans for regulatory compliance, though obtained through counsel, did not reveal legal theories or mental impressions," the communications were not privileged); *see also In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2024 WL 5279169, at *3 (N.D. Ohio Nov. 16, 2024) ("[S]imple ongoing assessment of compliance with regulations is usually a business matter, not a legal one." (internal quotation marks omitted)).  Here, Krause's allegations do not appear directly to relate to Schwartz giving legal opinions, as opposed to his business opinions (or, as Krause alleges, Schwartz's effort to hide matters that would harm the business).  ECF No. 8 ¶¶ 30, 36, 38, 56; *see also Estate of Serna v. County of San Diego*, 689 F. Supp. 3d 848, 862 (S.D. Cal. 2023) (holding that regulatory documents did not show "readily identifiable legal advice" sufficient to invoke attorney-client privilege).  Indeed, almost all the communications Integra seeks to keep redacted came from *both* De Witte and Schwartz, indicating that they are more closely related to business communications.  ECF No. 8 ¶¶ 36, 38, 43.

7

In the end, it is Integra's burden to justify its redactions. It has not done so. Accordingly, the Court agrees with Krause that the information in paragraphs 19, 30 (lines 3–6), 32, 36, 38, 41 (lines 4–8), 43, 51, and 56 should not be redacted. The Court therefore denies Integra's motion in part. But because Krause agrees that paragraphs 30 (portions of lines 2–3), 41 (portions of line 2 and line 3), and 69 (portions of lines 2–6 and 8–11) may remain redacted, the Court grants Integra's motion as to these paragraphs.

## II. Confidential Business Information

Integra also seeks the redaction of most of paragraph 71 because it purportedly contains confidential business information. The Court disagrees.

Like attorney-client communication, communication containing confidential or sensitive business information might appropriately be sealed. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 791–92 (8th Cir. 2021) (holding district court did not abuse its discretion in ordering documents be kept under seal that contained "sensitive business and strategic planning information"). Typically, such information includes things such as "financial data, proprietary or trade secret information, or personal health details." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016).

Here, Krause's complaint alleges that during a meeting "with a member of the Board of Directors," the Board member told Krause that the Board was aware "that there was a problem with Mr. De Witte and Mr. Schwartz regarding quality control and dishonesty" and that the Board was concerned about patient safety. ECF No. 8 ¶ 71. This conversation, in which a Board member merely acknowledges that the Board is aware of the very

8

accusations Krause makes throughout the rest of her complaint, is clearly not the type of confidential business information generally subject to sealing. *See Sagewater, LLC v. Hossfeld*, No. 1:23-cv-0770 (MSN/LRV), 2024 WL 4719878, at *2 (E.D. Va. July 25, 2024) (explaining that documents containing "details regarding confidential severance agreements, internal documents reflecting bids, bid awards, and expected revenue, other internal sensitive and confidential business information (such as Board of Directors meeting materials), and internal communications" are properly sealed); *Willis Elec. Co. v. Polygroup Ltd. (Macao Com. Offshore)*, No. 15-cv-3443 (WMW/KMM), 2019 WL 2574979, at *2 (D. Minn. June 24, 2019) (denying motion to seal where "neither the redacted paragraphs in the pleading or the email strings themselves include formulae, proprietary technical data, customer lists, or financial information that might warrant continued sealing"). Indeed, it is wholly unclear to the Court how this allegation could, as Integra baldly asserts, "be used by Integra's competitors" or "have a chilling effect on Integra's Board communications." ECF No. 78 at 12–13. The mere fact that this communication "may be unflattering does not warrant [its] sealing." *Willis Elec.*, 2019 WL 2574979, at *2.

Accordingly, because Integra does not "provide a persuasive legal basis for why this information must be sealed," *Skky, LLC*, 191 F. Supp. 3d at 981, the Court denies Integra's motion to continue sealing the allegations in paragraph 71.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Integra's Renewed Motion Regarding the Continued Sealing of Plaintiff's Complaint (ECF No. 76) is **GRANTED in part and DENIED in part:**

   a. Granted as to paragraphs 30 (portions of lines 2–3), 41 (portions of line 2 and line 3), and 69 (portions of lines 2–6 and 8–11);

   b. Denied as to the redactions to paragraphs 19, 30 (lines 3–6), 32, 36, 38, 41 (lines 4–8), 43, 51, 56, and 71.

2. Integra must file a newly redacted version of the complaint, ECF No. 73, removing any redactions to paragraphs 19, 30 (lines 3–6), 32, 36, 38, 41, 43, 51, 56, and 71, no later than February 11, 2026.

3. The Clerk of Court is directed to unseal ECF Nos. 60 and 82.

Dated: February 4, 2026                    *s/Laura M. Provinzino*
                                           Laura M. Provinzino
                                           United States District Judge